## Case No. 13,993.

### THORNHILL et al. v. LINK.

### [8 N. B. R. 521.] [1]

### District Court, S. D. Mississippi. 1873.

BANKRUPTCY — TRANSFER OF PROPERTY — SIX MONTHS' LIMITATION—RECORD—EFFECT OF.

Where a deed is made by A. to B., over six months prior to commencement of proceedings in bankruptcy, but not recorded until within the six months, and the local law of the state is, such deed "shall take effect as to subsequent purchasers and as to all creditors, only from the time of record," *held*, this is a transfer of property within six months, within the intent and meaning of the bankrupt act [of 1867 (14 Stat. 517)].

[Cited in Haskill v. Frye, Case No. 6,195.]

In bankruptcy.

HILL, District Judge. The acts of bankruptcy charged are:

First. That the defendant, being insolvent and in contemplation of insolvency, fraudulently conveyed a portion of his real estate to his wife, and the remainder to his brother-in-law, to prevent, &c., his creditors collecting their debts, and to withdraw the same from being disposed of under the bankrupt law; and,

Second. That he suffered his property to be seized and taken upon attachment by some of his creditors with intent to give them a preference over petitioners and other creditors. Petitioners allege the debt due them amounts to the sum of one thousand seven hundred dollars, for goods and merchandise sold him and for money advanced. The defendant, by his answer, denies the indebtedness charged as due, and owing at the time of the filing of the petition, admits that it once existed, but insists that it was discharged by the transfer of a stock of goods; admits the transfer to his wife and brother-in-law, but denies the intention and fraud charged, and insists it was done in good faith for a valuable consideration, and that the transfers were made more than six months before the filing of the petition; admits that a portion of his goods were taken by attachment, but insists that it was not done by his consent or sufferance. Upon these issues a large volume of proof has been taken and considered.

The first question to be determined is a ju-

[1] [Reprinted by permission.]

risdictional one, for if no debt was due the petitioners they have no standing in court and the proceeding must be dismissed. The proof shows the defendant, when the liability was contracted, represented himself as being a planter of means, and promised to discharge the debt promptly by the shipment of cotton; that he also had a store in Yazoo city; that he failed to meet the debts as they fell due, a portion of which consisted in acceptances for goods purchased from other New Orleans merchants; that petitioners pressed him for payment, when he stated that the land upon which he lived belonged to his wife and brother-in-law; that his only means of payment were his goods and merchandise; that he only owed to his Memphis merchants about five hundred dollars for clothing, which he would return to them in clothing out of the store, having ample means to satisfy petitioners' debt. Petitioners sent an agent to examine the stock and receive it in payment, if found to be as represented. The proof further shows that before the agent arrived in Yazoo city, the defendant had disposed of to his Memphis creditors eight hundred dollars worth of the stock, and had also disposed of six hundred dollars worth of the same to his landlord, in payment of an indebtedness to him, leaving a remnant of a stock greatly less in value than petitioners' debt, if sold for cash. The testimony of the agent is, that it was not worth three hundred dollars in cash; other testimony places the estimate much higher, but it is clear that the agreement to take the goods was made upon the representation that the petitioners were to have as much of the stock of goods as was sufficient to pay their demands. Under this proof the petitioners were not bound to take the remnant of the stock in payment, so that upon the first proposition it must be held that the petitioners' demand is not satisfied.

The next question is, was the conveyance made to defendant's wife and brother-in-law made more than six months before the filing of petitioners' petition? If so, then it would have the effect of barring this alleged act of bankruptcy.

Upon this branch of the inquiry it is only necessary to consider the conveyance to Mrs. Link, for if that was not barred, and was an act of bankruptcy, it matters not whether there were other acts done for which defendant may be declared a bankrupt. The conveyance bears date, March 2d, 1871, but was not acknowledged or filed for registration until the 11th of June thereafter, nor is there any proof of its prior delivery to Mrs Link, consequently, it must be considered as not made until the 11th of June, 1871. The petition was filed on the 9th of November following, less than six months afterwards. But if a prior delivery to Mrs. Link was proven, still, under the provisions of the statutes of the state, it could not take effect until it was filed for registration, so far as the

rights of creditors are concerned. By section 4, art. 23, c. 36, p. 310, of the Revised Code of 1857, and adopted by the Code of 1871, it is provided "that every conveyance, &c., which shall be acknowledged, &c., according to law, and delivered to the clerk of the proper county to be recorded, within three months after the execution, shall take effect and be valid after the date of its delivery. * * * When not delivered to the proper clerk, within three months after execution, to be recorded. shall take effect as to subsequent purchasers for a valuable consideration without notice, and as to all creditors, only from the time when delivered to the clerk to be recorded." The conveyance claimed to have been executed to Mrs. Link on the 2d of March was not delivered to the clerk for record until the 11th of June, more than three months thereafter. Therefore, as to petitioners and other creditors, can only take effect on the 11th of June, less than six months before the commencement of proceedings in this cause. It may be a grave question, whether the six months' limitation provided in the bankrupt law will apply to any act, not in any way made public, so as to give notice to all creditors, and whether it will apply to any conveyance required to be recorded until it is filed for record. But from the conclusion to which I have arrived, this question is not necessary to be considered in this case, for the reason that the want of proof of delivery, and that more than three months had elapsed after the date of the deed before its delivery to the clerk, it can only take effect from that time, and the limitation does not apply.

The next question is, was this conveyance valid under the provisions of the bankrupt law. There can be no doubt of the defendant's commercial insolvency; he was a merchant unable to pay his commercial liabilities as they fell due in the course of business, and, admitting that he was indebted to his wife, the effect of this conveyance was to give her a preference over his other creditors, and it is evident that it was made with the intention to place the land out of the reach of his creditors. It is only claimed that he owed his wife eight hundred dollars. The whole tract was purchased by him at eight thousand dollars; three-fourths of the purchase money belonged to him; the consideration stated in the deed as having been paid him by his wife was five thousand dollars. The consideration stated in his deed to his brother-in-law was four thousand dollars, making, in all, nine thousand dollars, when the only amounts claimed to have been paid him by his brother-in-law is one thousand seven hundred dollars, and from his wife, eight hundred dollars, in all, two thousand five hundred dollars, not more than the amount due to the parties holding the other note; the land having been sold to pay four notes, three of which were owned by the defendant, and all amounting to largely over

the eight thousand dollars for which defendant purchased the land. Both these transfers were made when petitioners and other creditors were pressing defendant for payment, some of whom took payment in goods at fifty cents on the dollar; under these circumstances. to hold that this attempted transfer was not an act of bankruptcy, would be to ignore the bankrupt act. Having come to this conclusion, the other alleged act of bankruptcy need not be considered.

A decree declaring the defendant a bankrupt for the attempted conveyance to his wife, as stated. will be entered.